United States Bankruptcy Court
District of Massachusetts

Baker,
     Plaintiff

Bisasor,
     Defendant

Adv. Proc. No. 16-01114-jnf

## CERTIFICATE OF NOTICE

District/off: 0101-1    User: lkaine    Page 1 of 1    Date Rcvd: Jun 28, 2016
                  Form ID: apntcdb    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 30, 2016.
dft            +Andre Bisasor,   119 Drum Hill Road #233,    Chelmsford, MA 01824-1505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2016                                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 28, 2016 at the address(es) listed below:
      David G. Baker    on behalf of Plaintiff David G. Baker
      bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org
      David G. Baker    on behalf of Other Professional David G. Baker
      bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org
      Dmitry   Lev    on behalf of Defendant Andre  Bisasor dlev@levlaw.net,    ecf-notices@levlaw.net
      Dmitry   Lev    on behalf of Debtor Andre  Bisasor dlev@levlaw.net,    ecf-notices@levlaw.net
      Donald F. Farrell, Jr.    on behalf of Trustee John  Aquino dff@andersonaquino.com
      Donna   Ashton    on behalf of Creditor    Greystar Management Services LP as agent for owner
      RAR2-Jefferson at Dedham Station MA Inc. dma@ashton-law.com
      John   Aquino    jja@andersonaquino.com,    jaquino@ecf.epiqsystems.com
      John   Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
      John C. Ottenberg    on behalf of Creditor    Foley Hoag LLP ottenberg@odllp.com
                                                                                                               TOTAL: 9

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re    Andre Bisasor | Related Bankruptcy Case: 15−13369 |
| | Chapter 7 |
| Debtor | Judge Joan N. Feeney |
| | |
| David G. Baker | Adversary Proceeding: 16−01114 |
| Plaintiff | |
| vs. | |
| Andre Bisasor | |
| Defendant | |

**COURT NOTICE REGARDING THE DEBTOR'S REPRESENTATION**
**IN THIS ADVERSARY PROCEEDING**

On **JUNE 27, 2016,** an Adversary Proceeding was filed and the debtor(s) is named as a defendant(s). Pursuant to Standing Order 2013−02 noted below, debtor's counsel has been added as the attorney for the debtor(s) in this Adversary Proceeding.

**Standing Order 2013−02 Effective September 24, 2013**

    1. With respect to Rule 9010−3(d):

Absent an appearance pursuant to Rule 9010−1(e) or withdrawal pursuant to Rule 2091−1, an attorney representing a debtor in a bankruptcy case must represent the debtor in all aspects of the main case, including motions and contested matters, and in any adversary proceeding relating to the debtor's discharge and/or the dischargeability of any debt. The attorney shall also represent the debtor in any other adversary proceeding in which the debtor is a named defendant unless the debtor expressly agrees otherwise in writing at the commencement of the representation and such agreement is noted on the attorney's initial disclosure under Fed.R.Bankr.P. 2016(b). Any Rule 2016(b) disclosure and/or agreement between the attorney and the debtor at variance with this Rule shall be deemed void and of no force and effect.

    2. With respect to Rule 9010−1(e):

An attorney who chooses to file a general appearance for an otherwise pro se debtor, without compensation, shall not thereby be required to represent the debtor in any adversary proceeding other than with respect to discharge or the dischargeability of debt.

Date:6/28/16

By the Court,

Leah Kaine
Deputy Clerk
617−748−5324