**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re Andre Bisasor,<br>　　Debtor<br>_____ | )<br>)<br>)<br>)<br>) | Case No. <u>1:15-bk-13369</u><br>Chapter 7 |
| David G. Baker,<br>　　Plaintiff,<br><br>　　v.<br><br>Andre Bisasor,<br>　　Debtor/Defendant<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | A.P. No. <u>1:16-ap-1114</u> |

### JOINT MOTION TO REFER TO ADR FOR PRO BONO MEDIATION

**COME NOW** the Parties to the above-captioned adversary proceeding, and pursuant to MLBR 7016-1 and Standing Order 09-04 respectfully move this Honorable Court to refer this matter to the Pro Bono Mediation Panel.

As reason therefor, the Parties state that this matter is a good candidate for mediation. This dispute arose between the Debtor and his prior counsel Attorney David G. Baker (the Plaintiff in this Adversary Proceeding) regarding compensation for services performed by Attorney Baker on behalf of the Debtor prior to the conversion of the underlying bankruptcy matter from Chapter 13 to Chapter 7 and prior to Attorney Baker's withdrawal.

Plaintiff has filed the instant adversary proceeding on June 28, 2016, seeking exception from discharge under 11 USC § 523(a)(6) and § 523(a)(2)(A) for his claim, which consists of outstanding attorneys fees and costs. Attorney Baker has also filed an Application for Compensation which is currently pending before this Court, and the determination of which has been deferred (See Doc. No. 187 in the underlying Chapter 7 matter 15-13369, Order dated May 10, 2016).

No responsive pleadings have been filed by the Debtor as of yet.

The parties have conferred, and agree that mediation is an efficient method for resolving this particular dispute despite the early stage of the proceeding, with the mutual goal of avoiding the costs and obligations of further litigation, discovery, or a trial in this matter.

The Parties specifically request a referral to the Pro Bono Mediation Panel. As reason therefor, the Parties would point to the unusual relationship between the Plaintiff and the Defendant in this matter -- the Plaintiff is the Defendant/Debtor's former attorney in the underlying bankruptcy

proceeding, which is still ongoing. Moreover, the scope of the issues to be addressed at mediation is relatively narrow and the mediation is likely to be concluded in one half-day session. Finally, the given the Debtor's income/expenses (see Amended Schedules I/J, Doc. No. 151 in 15-13369, which indicate a monthly deficit of $318.70), the Debtor states that he would unable to afford the fees of a paid mediator, and thus unable to utilize mediation as the avenue for resolving this matter, unless the mediation was conducted at no cost.

The Parties also respectfully move for extension of all deadlines in connection with this Adversary Proceeding until fourteen days after the Mediator files his/her report, including any deadlines for responsive pleadings pursuant to Fed. R. Bankr. P. 7012.

**WHEREFORE**, the Parties respectfully move this Honorable Court to refer this matter to the Pro Bono Mediation Panel and to extend all deadlines as outlined above.

Respectfully submitted,
Andre Bisasor, Defendant/Debtor,
By his Attorney,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  July 28, 2016

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

```
In re Andre Bisasor,           )
      Debtor                   )   Case No. 1:15-bk-13369
                               )   Chapter 7
_____)
                               )
David G. Baker,                )
      Plaintiff,               )
                               )
      v.                       )   A.P. No. 1:16-ap-1114
                               )
Andre Bisasor,                 )
      Debtor/Defendant         )
_____)
```

**CERTIFICATE OF SERVICE**

I, Dmitry Lev, hereby certify that on July 28, 2016, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system. On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

      For the Plaintiff: David G. Baker

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/ Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated: July 28, 2016