**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re Andre Bisasor,<br>    Debtor<br>_____<br><br>David G. Baker,<br>    Plaintiff,<br><br>    v.<br><br>Andre Bisasor,<br>    Debtor/Defendant<br>_____ | Case No. 1:15-bk-13369<br>Chapter 7<br><br><br><br><br><br>A.P. No. 1:16-ap-1114 |

## JOINT STATEMENT OF PARTIES REGARDING MEDIATION

**COME NOW** the Parties to the above-captioned adversary proceeding, and pursuant to the Order of this Court dated August 15, 2016, submit the following statement.

### TERMS AND CONDITIONS, INCLUDING POWER AND AUTHORITY OF MEDIATOR:

The Parties specifically request a referral to the **Pro Bono** Mediation Panel, and for the Court to appoint a pro bono mediator from the Mediation List, as contemplated by MLBR Appendix 7 fn 15 ("…the Court shall appoint a mediator from the Mediation List"). As reason therefor, the Parties would point to the unusual relationship between the Plaintiff and the Defendant in this matter -- the Plaintiff is the Defendant/Debtor's former attorney in the underlying bankruptcy proceeding, which is still ongoing. Moreover, the scope of the issues to be addressed at mediation is relatively narrow and the mediation is likely to be concluded in one half-day session. Finally, the given the Debtor's income/expenses (see Amended Schedules I/J, Doc. No. 151 in 15-13369, which indicate a monthly deficit of $318.70), the Debtor states that he would be unable to afford the fees of a paid mediator, and thus unable to utilize mediation as the avenue for resolving this matter, unless the mediation was conducted at no cost.

The parties agree that the mediation will be generally governed by the provisions of MLBR Appendix 7, and as further indicated below.

### DEADLINE FOR MEDIATOR'S REPORT:

The Mediator shall submit his/her report within fourteen days of the conclusion of the mediation, utilizing Official Local Form 16 ("Report of Mediation") or a substantially similar form. Following the mediation, the Mediator will notify the Court if the matter has been settled, and

the parties shall then file the appropriate motions for approval of the settlement as may be required or appropriate under the Bankruptcy Code or Federal or Local Rules. In the event that settlement has not been reached and further mediation is believed to be unwarranted, the Mediator shall so notify the Court. No other information concerning the mediation may be given to the Court by the Mediator or any Party. MLBR Appendix 7(c)(5)

## **PROCEDURES FOR PROTECTING THE CONFIDENTIALITY AND PRESERVATION OF PRIVILEGE:**

The Mediator and the Parties are prohibited from divulging outside of the mediation, any oral or written information disclosed by the Parties or by witnesses in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, evidence pertaining to any aspect of the mediation effort, whether occurring before, during or subsequent to the mediation session, including but not limited to:  (a) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) statements or admissions made by a Party in the course of the mediation; (e) documents prepared for the purpose of, in the course of, or pursuant to the mediation; (f) statements or actions which may otherwise constitute a waiver of a legally protected privilege; and (g) documents prepared subsequent to the mediation which refer to any of the foregoing.  In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply.  Parties and their counsel may disclose information obtained at the mediation session to members of their respective organizations who shall also be bound by the confidentiality provisions of this agreement.  Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in or relating to a mediation session.  These provisions shall not preclude a Party, its counsel or the Mediator from responding in confidence to appropriately conducted inquiries or surveys concerning the use of mediation generally.  MLBR Appendix 7(c)(2).

The disclosure by a Party of privileged information to the Mediator shall not waive or otherwise adversely affect the privileged nature of the information.  MLBR Appendix 7(c)(3).

The Mediator shall not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communication, or other documents received or made by a Mediator while serving in such capacity. The Mediator shall not testify or be compelled to testify in regard to the mediation in connection with any arbitral, judicial, or other proceeding.  The Mediator shall not be a necessary party in any proceedings relating to the mediation. Aside from proof of actual fraud or unethical conduct, there shall be no liability on the part of, and no cause of action shall arise against, any person who serves as a Mediator hereunder on account of any act or omission in the course and scope of such person's duties as a Mediator.  MLBR Appendix 7(c)(4).

Respectfully submitted,
Andre Bisasor, Defendant/Debtor,
By his Attorney,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net


Respectfully submitted,
/s/ David G. Baker
David G. Baker, Esq., Plaintiff,
(BBO # 634889)
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

Dated:  August 25, 2016

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

```
                                    )
In re Andre Bisasor,                )
     Debtor                         )    Case No. 1:15-bk-13369
                                    )    Chapter 7
_____     )
                                    )
David G. Baker,                     )
     Plaintiff,                     )
                                    )
     v.                             )    A.P. No. 1:16-ap-1114
                                    )
Andre Bisasor,                      )
     Debtor/Defendant               )
_____     )
```

**CERTIFICATE OF SERVICE**

I, Dmitry Lev, hereby certify that on August 26, 2016, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.  On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

       For the Plaintiff:  David G. Baker

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  August 26, 2016