United States Bankruptcy Court
District of Massachusetts

Baker,
    Plaintiff

Adv. Proc. No. 16-01114-jnf

Bisasor,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0101-1       User: lkaine       Page 1 of 1       Date Rcvd: Sep 08, 2016
    Form ID: pdf012       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2016.
dft     +Andre Bisasor, 119 Drum Hill Road #233, Chelmsford, MA 01824-1505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust     +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Sep 08 2016 23:38:51     John Fitzgerald,
    Office of the US Trustee, J.W. McCormack Post Office & Courthouse,
    5 Post Office Sq., 10th Fl, Suite 1000, Boston, MA 02109-3901
                                               TOTAL: 1

    ***** BYPASSED RECIPIENTS *****
NONE.          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2016                                                        Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2016 at the address(es) listed below:
         David G. Baker    on behalf of Plaintiff David G. Baker
          bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org
         Dmitry Lev    on behalf of Defendant Andre Bisasor dlev@levlaw.net, ecf-notices@levlaw.net
                                                                                                       TOTAL: 2

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

In re

**ANDRE BISASOR,**

Chapter 7
Case No. 15-13369-JNF

Debtor

**DAVID G. BAKER,**

Plaintiff

Adv. P. No. 16-1114

v.

**ANDRE BISASOR,**

Defendant

## MEDIATION ORDER

Upon the "Joint Motion to Refer to ADR for Pro Bono Mediation" filed by the plaintiff, Attorney David G. Baker (the "Plaintiff") and the defendant, Andre Bisasor (the "Defendant")(each a, "Party" and jointly, the "Parties"), the Court refers this proceeding to mediation (the "Mediation") and now, pursuant to Massachusetts Local Rule of Bankruptcy Procedure 7016-1(a) and MLBR, Appendix 7, and in furtherance of the Mediation, hereby orders as follows:

1.  The Court hereby appoints Attorney Michael B. Feinman of Feinman Law Offices, The Northmark Bank Building, 69 Park Street, Andover, MA 01810 (the

1

"Mediator") to serve as mediator. The Mediator has agreed not to be compensated for the Mediation and is performing mediation services in this matter solely as a pro bono service to the Parties.

2. The Mediator and the Parties are prohibited from divulging outside of the Mediation, any oral or written information disclosed by the Parties or by witnesses in the course of the Mediation. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, evidence pertaining to any aspect of the Mediation effort, whether occurring before, during or subsequent to the mediation session, including but not limited to: (a) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) statements or admissions made by a Party in the course of the mediation; (e) documents prepared for the purpose of, in the course of, or pursuant to the mediation; (f) statements or actions which may otherwise constitute a waiver of a legally protected privilege; and (g) documents prepared subsequent to the mediation which refer to any of the foregoing. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply. Parties and their counsel may disclose information obtained at the mediation session to members of their respective organizations who shall also be bound by the confidentiality provisions of this agreement. Information otherwise discoverable or

2

admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in or relating to a Mediation session. These provisions shall not preclude a Party, its counsel or the Mediator from responding in confidence to appropriately conducted inquiries or surveys concerning the use of mediation generally.

3. The disclosure by a Party of privileged information to the Mediator shall not waive or otherwise adversely affect the privileged nature of the information.

4. The Mediator shall not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communication, or other documents received or made by a Mediator while serving in such capacity. The Mediator shall not testify or be compelled to testify in regard to the mediation in connection with any arbitral, judicial, or other proceeding. The Mediator shall not be a necessary party in any proceedings relating to the mediation. Aside from proof of actual fraud or unethical conduct, there shall be no liability on the part of, and no cause of action shall arise against, any person who serves as a Mediator hereunder on account of any act or omission in the course and scope of such person's duties as a Mediator.

5. Following the Mediation, the Mediator will notify the Court if the matter has been settled, and the parties shall then file the appropriate motions for approval of the settlement as may be required or appropriate under the Bankruptcy Code or Federal or Local Rules. In the event that settlement has not been reached and further mediation is

3

believed to be unwarranted, the Mediator shall so notify the Court.[1] No other information concerning the Mediation may be given to the Court by the Mediator or any Party.

6.   No subpoena, summons, citation, or other process shall be served at or near the location of any Mediation session, upon any person entering, leaving or attending any Mediation session.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 7, 2016

---

[1] *See* MLBR Official Local Form 16 entitled Report of Mediation.

4